IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GENETTLE T. GATSON, Individually
as Heir of James Lee and as Administratrix
of the Estate of James Lee; MARCUS GORE,
Individually as Heir of James Lee; DERRICK J.
GATSON, Individually as Heir of James Lee; and
OPELEAN LEE, Individually as Heir of James Lee                    PLAINTIFFS

v.                                               CIVIL ACTION NO. 1:12-cv-00240-GHD-DAS

WINSTON COUNTY, MISSISSIPPI;
SHERIFF JASON PUGH, in His Individual
and Official Capacity as Sheriff of Winston County,
Mississippi; TIM PALMER, In His Individual
and Official Capacity as Warden of the
Winston-Choctaw Regional Correctional Facility;
NURSE LYNN WHITE, in Her Individual and
Official Capacity as an Employee of the
Winston-Choctaw Regional Correctional Facility;
CITY OF LOUISVILLE, MISSISSIPPI;
JOHN AND JANE DOES 1–10, Individually and in Their
Official Capacities as Deputy Sheriffs, Jailers, and
Medical Healthcare Providers at the
Winston-Choctaw Regional Correctional Facility; and
UNKNOWN NURSE, a Jane Doe in Her Individual
and Professional Capacity as Nurse at Winston-Choctaw
Regional Correctional Facility                                    DEFENDANTS

## MEMORANDUM OPINION GRANTING
## WINSTON COUNTY DEFENDANTS' MOTION FOR BILL OF COSTS

On February 26, 2014, the Court entered a Federal Rule of Civil Procedure 54(d) certification [70] and Final Judgment [70] on the motion to dismiss or in the alternative for summary judgment [23] based on qualified immunity filed by Defendants Winston County, Jason Pugh, Tim Palmer, and Lynn White (the "Winston County Defendants"). Specifically, the Court found no basis of liability for Defendant Jason Pugh or Defendant Tim Palmer for personal involvement in the alleged Eighth Amendment violation; that Plaintiffs failed to raise a genuine

1

dispute of fact that Defendant Lynn White acted with deliberate indifference to the Decedent's serious medical needs in violation of the Eighth Amendment; and that Plaintiffs had failed to present evidence that a Winston County policy or lack thereof created a serious risk of physical harm to inmates and further that any such policy was adopted or maintained by Winston County policymakers with deliberate indifference to its known or obvious consequences. Therefore, the Court found that the Winston County Defendants were entitled to qualified immunity on the claims against them in their individual and official capacities.[1]

The Winston County Defendants have now filed a motion for a bill of costs [72], wherein they seek total costs in the amount of $1,340.75 for obtaining printed or electronically recorded deposition transcripts for use in this case. Plaintiffs have filed a response in opposition to the motion, maintaining that the award of such costs is not warranted in this case, as the Decedent "having contracted gangrene in Winston County prison should not be forced to pay costs as sought." For the following reasons, the motion for a bill of costs [72] shall be granted.

Rule 54(d)(1) controls where a party seeks to recover costs, and it provides, in relevant part, that costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Revenue Corp.*, — U.S. —, —, 133 S. Ct. 1166, 1172, 185 L. Ed. 2d 242 (Feb. 26, 2013). "The trial court has broad discretionary powers in taxing costs . . . . While [Rule 54(d)(1)] does not prevent a trial court from requiring a prevailing party to bear its own costs, the

---

[1] The Court allowed the case to proceed against Defendant the City of Louisville, Mississippi. Subsequently to the Court's Order and memorandum opinion ruling on the qualified immunity motion, Defendant the City of Louisville, Mississippi filed a motion for summary judgment [65] which is currently pending before the Court.

language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs." *Kent v. Vicksburg Healthcare, L.L.C.*, 534 F. App'x 229, 230 (5th Cir. 2013) (per curiam) (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977) (citations and internal quotation marks omitted)). "[I]t is incumbent on the losing party to overcome that presumption." *Id.* (quoting *Walters*, 557 F.2d at 526) (citation and internal quotation marks omitted). If the party against whom costs are taxed objects, the party seeking costs has the burden of supporting its request with evidence documenting the costs incurred, and proof, if applicable, as to whether the challenged amount was necessarily incurred in the case. *Fogleman*, 920 F.2d at 285–86.

The following six categories of costs are recoverable:

> (1) Fees of the clerk and marshal;
>
> (2) <u>Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;</u>
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) <u>Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;</u>
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphases added). Costs related to the taking of depositions are allowed under Section 1920(2) and (4) "if the materials were necessarily obtained for use in the case." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "Whether a deposition or copy was necessarily obtained for use in [a] case is a factual determination to be made by the district court. We accord the district court great latitude in this determination."

3

*Kent*, 534 F. App'x at 230 (quoting *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991) (internal quotation marks and citations omitted)).

The Fifth Circuit has provided some guidance for the district court called upon to make such a determination. "[I]t is not required that a deposition actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (citing *Fogleman*, 920 F.2d at 285). A deposition is necessarily obtained for use in the case "[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Id.* The Fifth Circuit explained in *Marmillion v. American International Insurance Company*, 381 F. App'x 421, 430 (5th Cir. 2010) (per curiam): "We have never required a prevailing party to demonstrate that a particular deposition was reasonably necessary at the time it was taken for a party to recover the costs of the deposition transcript. . . . [T]he pertinent question is whether the transcript was necessarily obtained for use in the case."

Rule 54(d) indicates that the Winston County Defendants, as prevailing parties, are prima facie entitled to the costs of obtaining the deposition transcripts. Plaintiffs have objected to the costs by arguing that Rule 54(d) merely allows the Court to award costs to the prevailing party, but does not require the Court to do so, and that Plaintiffs should not be required to pay the costs sought. Plaintiffs have not objected to the <u>necessity</u> of the deposition transcripts obtained by the Winston County Defendants for use in this case. The Winston County Defendants have supported their request with a bill of costs listing the deposition transcripts the Winston County Defendants obtained for use in the case; an affidavit attesting that each claimed item is correct, that each claimed item was necessary incurred in the case, and that the services for which fees

were charged were actually and necessarily performed; and invoices showing that the amounts sought were incurred in the case. These transcripts include deposition testimonies of two of the individual Winston County Defendants in their individual and official capacities, specifically, Lynn White and Tim Palmer; L.M. Claiborne, the chief of police for the City of Louisville, who was a key defendant in the case *sub judice* until he was dismissed by Plaintiffs' stipulation of dismissal [16] on February 11, 2013; and Randall Thomas, former sheriff of Winston County, and Wilma Sue Daniels, city clerk for the City of Louisville.

It appears undisputed that the Winston County Defendants necessarily used the deposition testimonies of Defendant Tim Palmer and Defendant Lynn White in drafting their motion to dismiss or in the alternative for summary judgment pursuant to qualified immunity [23], accompanying memorandum brief in support [24], and reply [60] in support of that motion. It is apparent to this Court that the deposition testimony of L.M. Claiborne was also necessary for the drafting of the qualified immunity motion papers. The Winston County Defendants maintain that the deposition transcripts of Randall Thomas, former sheriff of Winston County, and Wilma Sue Daniels, city clerk for the City of Louisville, were also necessarily obtained for use in the case. Plaintiffs' sole arguments in opposition of the Winston County Defendants' motion for bill of costs is that Section 1920 does not mandate the award of costs and that Plaintiffs should not be forced to pay the costs sought; Plaintiffs offer no arguments that these deposition transcripts were not necessarily obtained for use in the case. Plaintiffs have not overcome the presumption that the Winston County Defendants are entitled to the costs of these deposition transcripts which the Court finds were necessarily obtained for use in the case. Thus, the Court grants the Winston County Defendants' motion for a bill of costs and finds that these costs are taxable.

Accordingly, the motion for a bill of costs [72] totaling $1,340.75 filed by Defendants Tim Palmer, Jason Pugh, Lynn White, and Winston County is GRANTED. Accordingly, Plaintiffs are taxed $1,340.75 as costs in this action.

An order in accordance with this opinion shall issue this day.

THIS, the 21st day of April, 2014.

                                                    /s/ Glen H. Davidson
                                                    SENIOR JUDGE