IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GENETTLE T. GATSON, Individually
as Heir of James Lee and as Administratrix
of the Estate of James Lee; MARCUS GORE,
Individually as Heir of James Lee; DERRICK J.
GATSON, Individually as Heir of James Lee; and
OPELEAN LEE, Individually as Heir of James Lee                                PLAINTIFFS

v.                                                                CIVIL ACTION NO. 1:12-cv-00240-GHD-DAS

CITY OF LOUISVILLE, MISSISSIPPI                                                 DEFENDANT

MEMORANDUM OPINION GRANTING
DEFENDANT CITY OF LOUISVILLE, MISSISSIPPI'S
MOTION FOR SUMMARY JUDGMENT

Presently before the Court is a motion for summary judgment [65] filed by Defendant City of Louisville, Mississippi. Upon due consideration, the Court finds that the motion should be granted.

*A. Factual and Procedural Background*

Plaintiffs Genettle T. Gatson, Marcus Gore, Derrick J. Gatson, and Opelean Lee ("Plaintiffs") bring this 42 U.S.C. § 1983 action against Defendant the City of Louisville, Mississippi (the "City").[1] Plaintiffs seek damages in connection with the death of the Decedent James Lee (the "Decedent").

---

[1] Plaintiffs also initially filed this suit against the following Defendants: Winston County, Mississippi; Sheriff Jason Pugh, in his individual and official capacity as Sheriff of Winston County; Warden Tim Palmer, in his individual and official capacity as Warden of the Winston-Choctaw County/Regional Correctional Facility; Nurse Lynn White, in her individual and official capacity as an employee of the Winston-Choctaw County/Regional Correctional Facility; L.M. Claiborne, Jr., in his individual and professional capacity as the Chief of Police, City of Louisville; Wexford Health Sources, Incorporated; and various John and Jane Does. On March 19, 2013, the parties agreed to dismiss L.M. Claiborne, Jr. as a Defendant. *See* Stipulation of Dismissal [22] of Chief Claiborne. Subsequently, on April 26, 2013, the parties agreed to dismiss Wexford Health Sources, Incorporated as a Defendant. *See* Agreed Order of Dismissal [26] of Wexford. On February 14, 2014, the Court entered an Order [63] and memorandum opinion [64] dismissing Defendants Winston County, Mississippi; Sheriff Jason Pugh;

1

The following facts are not in dispute. The Decedent was incarcerated at the Winston-Choctaw County/Regional Correctional Facility (the "WCCRCF") for unpaid fines and/or misdemeanor reasons from October 4, 2011 through December 6, 2011. The WCCRCF has in place a sick-call procedure, which inmates and detainees can use for medical treatment. During the Decedent's subject two-month incarceration, he submitted at least twelve sick-call requests. On November 25, 2013, the Decedent complained of hemorrhoids and rectal bleeding. The Decedent was given hemorrhoid treatment and Tylenol. The Decedent subsequently saw a medical doctor at the WCCRCF who recommended intravenous antibiotics and surgery. On December 6, 2011, the Decedent was released from custody. On July 16, 2013, the Decedent died.

Plaintiffs allege that the City "has a policy of allowing a non court official being the Chief of Police and/or Assistant Chief of Police to determine whether jail or payment arrangements are made regarding fines"; that "[t]he [Decedent] was denied payment arrangements"; and "Plaintiff was ordered to jail by the City." Pls.' Compl. [1] ¶ 12. Plaintiffs aver that during the Decedent's subject incarceration he was subjected to deliberate indifference to his medical needs, "in accordance with the City['s] customs and procedures." *Id.* ¶ 15. Plaintiffs allege that the City is liable since the alleged acts were carried out "pursuant to a policy or custom of the City of Louisville and in conspiracy with the County of Winston, Mississippi, as said policy or custom of refusing medical treatment . . . was moving force behind the constitutional violations," and that the City is "the proximate cause of said deliberate indifference." *Id.* ¶ 23. Plaintiffs aver that as a result of the alleged deliberate indifference, the Decedent underwent multiple surgeries, including one to remove his colon, and eventually died

---

Warden Tim Palmer; and Nurse Lynn White as qualifiedly immune from suit. The sole Defendant remaining in the case is the City of Louisville, Mississippi.

after being transported to the hospital. Plaintiffs seek compensatory damages, punitive damages, and attorney's fees under 42 U.S.C. § 1988(b).

In the Court's February 14, 2014 Order [63] and memorandum opinion [64] dismissing the claims against the other Defendants based on the doctrine of qualified immunity, the Court lifted the stay on merits-discovery, which had been imposed while qualified-immunity issues were pending. Seven days later, on February 21, 2014, the City filed the present motion for summary judgment [65], arguing that summary judgment is proper on the remaining claims because of the Court's rulings on the qualified-immunity issues, particularly the Court's ruling that Plaintiffs had failed to show deliberate indifference on the part of the other Defendants. Plaintiffs filed a response to the motion, and the City filed a reply. The matter is now ripe for review.

## B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes

3

demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### C. Analysis and Discussion

As stated above, Plaintiffs' claims against the City are brought pursuant to § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, —— U.S. ——, ——, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012) (quoting § 1983). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *See id.*; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). "A municipality or other local government may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, —— U.S. ——, ——, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011); *see Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018,

4

56 L. Ed. 2d 611 (1978). However, "under § 1983, local governments are responsible only for 'their own illegal acts,' " *Connick*, 131 S. Ct. at 1359 (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (emphasis in original)); local governments "are not vicariously liable under § 1983 for their employees' actions," *id.*

Plaintiffs assert that the City failed to establish and implement policies, practices, and procedures to assure adequate delivery of medical care to the Decedent; that the alleged actions were carried out pursuant to the City's unconstitutional policy or custom of refusing medical treatment and in conspiracy with Winston County; that this policy was the moving force behind the alleged constitutional violations; and that the City failed to train or supervise its staff on how to provide the delivery of medical care to inmates, including the Decedent. *See* Pls.' Compl. [1] ¶¶ 23, 25, 33.

The City argues that based on the Court's February 14, 2014 grant of summary judgment to the other Defendants on the basis of qualified immunity, and specifically, based on the Court's finding that Plaintiffs failed to make out a constitutional violation, there can be no policy or custom of the City that led to a deprivation of the Decedent's constitutional rights. Plaintiffs argue that the City's motion for summary judgment is premature and that merits-discovery is needed for Plaintiffs to respond to the City's motion. However, the Court finds that merits-discovery would be futile, as Plaintiffs cannot establish a viable claim against the City.

a. Claims of Unconstitutional Policy or Inadequate Policy

In order for the City to be liable under § 1983, Plaintiffs must establish deliberate indifference by reference to an official custom or policy. *See Monell*, 436 U.S. at 690–91, 694, 98 S. Ct. 2018; *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) ("[T]here must be an affirmative link between the policy and the particular

constitutional violation alleged."). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 131 S. Ct. at 1359. These are "action[s] for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 479–80, 106 S. Ct. 1292; *see Conner v. Travis County, Tex.*, 209 F.3d 794, 796 (5th Cir. 2000). Plaintiffs must show either "(1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences." *Walker v. Upshaw*, 515 F. App'x 334, 339 (5th Cir. 2013) (per curiam) (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (in turn quoting *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 423, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997))).

The failure to establish or implement necessary policies, practices, and procedures can constitute a "policy or custom" for purposes of a *Monell* § 1983 suit, but only if that failure causes a constitutional violation. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123–24, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). In those situations, plaintiffs generally must allege a pattern or series of incidents of unconstitutional conduct or a clear constitutional duty to take action because the situation was certain to recur. In addition, the inaction must amount to deliberate indifference, so that it is fair to infer that the inaction is itself a "policy." *See Canton*, 489 U.S. at 389, 109 S. Ct. at 1205.

Plaintiffs have failed to adequately allege the existence of a City policy that violated federal law or directed the deprivation of federal rights or that a policy was adopted by

policymakers with deliberate indifference to its known consequences. Plaintiffs have also failed to demonstrate that any underlying constitutional violation occurred in this case. Plaintiffs' claims against the City are premised on the claim that the Decedent received constitutionally inadequate medical treatment. As discussed at length in the Court's prior memorandum opinion [64] ruling on the other Defendants' motion for summary judgment, and here included by reference, Plaintiffs have failed to establish a constitutional problem with the Decedent's medical treatment, and thus have not shown that the Decedent suffered actionable injury from the alleged inadequate policy Plaintiffs attribute to the City policymakers. Instead, the summary judgment evidence shows that the Decedent received competent medical treatment for his medical condition during his subject incarceration.

Plaintiffs also have presented no evidence that the policy or lack thereof creates a serious risk of physical harm to inmates, much less that the City policymakers knew of such a risk but did nothing. Plaintiffs have presented no evidence that the WCCRCF's policy on inmate medical care violated federal law or authorized or directed the deprivation of federal rights; nor have they presented evidence that the WCCRCF in any way failed to adopt policy that would ensure the delivery of medical care to inmates, including the Decedent. Similarly, Plaintiffs have not presented evidence that the WCCRCF's policy on inmate medical care was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences.

Further, as stated in the Court's prior memorandum opinion [64], Plaintiffs' vague allegations of a conspiracy between the City and Winston County to enforce unconstitutional City policy to refuse medical treatment are not sufficient to make out a § 1983 conspiracy claim. Importantly, Plaintiffs have not alleged an agreement between the City and Winston County to

enforce City policy that violated the Decedent's constitutional rights. "A plaintiff must 'allege specific facts to show an agreement.' " *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (quoting *Priester v. Lowndes County, Miss.*, 354 F.3d 414, 420 (5th Cir. 2004)). Therefore, Plaintiffs also do not have a viable § 1983 conspiracy claim.

### b. Supervisory Liability

Finally, Plaintiffs assert a claim that the City failed to provide adequate supervision and security and failed to train and manage, or improperly trained and managed, their agents, servant, and employees to assure adequate delivery of medical care to the Decedent.

The Supreme Court has stated:

> In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell*"). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Canton*, 489 U.S. at 388, 109 S. Ct. 1197. Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* at 389, 109 S. Ct. 1197.

*Connick*, 131 S. Ct. at 1359–1360. To prevail on such a claim, Plaintiffs must prove that "(1) the official failed to train or supervise the correctional officers, (2) a causal link exists between the failure to train or supervise and the alleged violation of the inmate's rights, and (3) the failure to train or supervise amounted to deliberate indifference." *Walker*, 515 F. App'x at 339 (citing *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001) (in turn citing *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998))).

Any claim that the City failed to train or supervise staff to provide medical care to inmates including the Decedent is conclusory and not supported by evidence. Plaintiffs have not put forth evidence showing that the City knew of and disregarded conditions posing a risk of serious harm to the Decedent. *Silva v. Moses*, 542 F. App'x 308, 311 (5th Cir. 2013) (per curiam) (citing *Roberts v. City of Shreveport, La.*, 397 F.3d 287, 292 (5th Cir. 2005)).

Moreover, because Plaintiffs have failed to allege facts showing a violation of the Decedent's constitutional rights by the City, that is, deliberate indifference to the Decedent's serious medical needs, Plaintiffs concomitantly have failed to allege facts showing liability on the parts of the City for their alleged failure to supervise or train staff. *See Roberts*, 397 F.3d at 292. Therefore, the City cannot be liable on a failure-to-train-or-supervise claim. *See Corring v. Pearl River County, Miss.*, 550 F. App'x 204, 205 (5th Cir. 2013) (per curiam) (citing *Hare*, 74 F.3d at 649 n.4). Accordingly, Plaintiffs have failed to adequately allege a viable claim against the City.

*D. Conclusion*

In sum, the Defendant City of Louisville, Mississippi's motion for summary judgment [65] is GRANTED; all claims against Defendant the City of Louisville, Mississippi are DISMISSED; and this case is CLOSED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 11 day of September, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE